UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
COREY WILLIAMS,

                          Plaintiff,                      **ORDER**

       - v -

                                                      CV-07-5362 (NG) (VVP)

CITY OF NEW YORK, et al.,

                          Defendants.
------------------------------------------------------------------x

        The plaintiff has moved to compel discovery withheld by the defendants on the basis of various objections in this case, which involves various federal and state claims – including claims of false arrest and malicious prosecution – arising from his prosecution on narcotics charges. The narcotics charges arose in the context of a five-month investigation, entitled "Operation Tidal Wave," which focused on narcotics trafficking in and around a housing project in Queens. The investigation produced dozens of arrests and prosecutions including the plaintiff's. Although the parties have apparently resolved many of the disputes generated by the plaintiff's discovery requests, the court's intervention is required with respect to the issues discussed below.

        *Operation Tidal Wave*. The plaintiff seeks various information about the conduct of Operation Tidal Wave, including the names of the police department officials who headed up the investigation, the individuals who were liaisons with the district attorney in connection with the investigation, and all documents concerning the investigation. The defendants have objected to production of any information in those categories other than those pertaining to the arrest of the plaintiff. Although the plaintiff argues that "[i]t would seem obvious that information about the very operation in which plaintiff was arrested is either relevant or at least reasonably calculated to lead to the discovery of admissible evidence," Pl. Ltr., Dec. 12, 2008, at p. 2, the plaintiff does not explain how information about the identities and activities of people who had nothing to do with the plaintiff's arrest and prosecution have any reasonable connection to the plaintiff's claims here. The defendants' objections based on overbreadth and lack of relevance are therefore sustained.

        *Grand Jury Testimony*. The plaintiff seeks the identity of all New York Police Department employees who testified in the grand jury that returned the indictment against him. The

defendants object that the secrecy requirements of section 190.25 of the New York Criminal Procedure Law prohibit disclosure of grand jury proceedings, including the identities of witnesses. That section imposes broadly worded secrecy requirements on "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a). Although the plaintiff argues that the above language does not extend to the mere fact that someone has testified before the grand jury, it requires no stretch of meaning to find that the phrase "or other matter attending a grand jury proceeding" was intended to protect the identities of witnesses. Indeed, it is rather evident that the identities of witnesses would be an important matter to be kept secret to prevent retaliation and intimidation of witnesses, and to protect the reputations of those who testify before the grand jury. *See People v. Fetcho*, 91 N.Y.2d 765, 769, 676 N.Y.S.2d 106, 109 (1998).

Section 190.25 does permit the witnesses themselves to disclose their testimony, and therefore by implication their identity as witnesses, and it may be that some or all of the individual defendants here testified before the grand jury. The mere fact that they are sued here, however, does not require that they give up the secrecy protections they are afforded by New York law. The defendants' objections are therefore sustained. The plaintiff may of course seek disclosure of grand jury proceedings by obtaining a court order; comity requires that any such application must in the first instance be directed to the state court under whose auspices the grand jury proceedings were conducted.

*Training Materials*. The plaintiff seeks a broad array of training materials

on the topics of obtaining and executing arrest warrants; verification of information before making an arrest; narcotics investigation techniques; gang investigation techniques; assessment of informant and/or witness credibility; surveillance of individuals, organization, and/or locations; proper procedure for conducting drug surveillance and/or buy-and-busts; and releasing information to the media.

Pl. Doc. Req. No. 30. Aside from information concerning the verification of information before making an arrest and the obtaining of arrest warrants, the request is overbroad and not reasonably calculated to lead to evidence admissible at trial of the claims against the individual defendants. (Given the bifurcation of discovery ordered below, the court is not required to assess

whether any of the information may be discoverable with respect to the plaintiff's *Monell* claim.) The question to be resolved concerning the non-*Monell* claims will be whether the evidence upon which the officers relied in obtaining and executing the arrest warrant here established probable cause. That will not require an assessment of the investigative techniques used to acquire the evidence, or of whether the officers complied with their training in those techniques or with recommended procedures for acquiring evidence. The defendants say they have produced relevant sections of the Patrol Guide, but do not disclose what subjects those sections cover. To the extent that the sections do not constitute all requested documents concerning the verification of information before making an arrest and the obtaining of arrest warrants, the defendants must produce any such documents. Otherwise the defendants' objections to production are sustained.

*Productivity Goals*. The plaintiff has served three document requests for information "concerning 'productivity goals' and/or any formal or informal requirement, recommendation, or suggestion that police officers make at least a certain number of arrests over any given period of time." Pl. Doc. Req. Nos. 31-33. The defendants object on the grounds that the requests are "vague, ambiguous, overbroad, not relevant or reasonably calculated to lead to the discovery of admissible evidence, and assume facts not established." Def. Ltr., Dec. 18, 2008, at p. 5. To the extent that the requests seek information about "productivity goals" separate from numbers of arrests, they are indeed overbroad, ambiguous and not reasonably calculated to lead to admissible evidence.

As to that part of the requests seeking information about goals related to arrest numbers, however, the requests are clear enough to avoid vagueness and ambiguity objections. The objection that the requests "assume facts not established" is also meritless; there is no requirement that facts be "established" in order to obtain discovery about them. Whether the requests relating to arrest-number goals are overbroad and not reasonably calculated to lead to admissible evidence presents a closer question. As noted above, the issue to be resolved with respect to the arrest of the plaintiff is whether there was probable cause to support the belief that he committed a crime. Since the defendants obtained an arrest warrant, they will undoubtedly seek to rely on the warrant to protect their conduct. The issuance of the warrant, however, was

likely based on information imparted to the judicial officer by the defendants here, and their motivation for falsifying or withholding information when obtaining the warrant will be a likely subject of inquiry in light of the plaintiff's claim that he was falsely arrested. Since goals based on numbers of arrests might provide such a motivation, some information concerning that subject could lead to admissible evidence.

Although at least some of the information requested by the plaintiff in requests 31 and 32 may reasonably lead to evidence admissible at trial, the requests are nevertheless overbroad both as to the time period and categories of documents covered by the requests. Thus, to the extent those requests seek documents concerning arrest-number goals that were specifically applicable to the individual defendants here at the time of the plaintiff's arrest because of the requirements of Operation Tidal Wave or some other policy applicable to their assignments, they are to be produced. Otherwise, the overbreadth objections to requests 31 and 32 are sustained. As to request 33, the defendants' objection that the request is both overbroad and not reasonably calculated to lead to admissible evidence is sustained, and no information sought by that request need be produced.

*Bifurcation of Discovery*. The parties have agreed, and the court concurs, that discovery regarding the *Monell* claim should be postponed. Bifurcation of civil rights trials is a common practice in the courts in this circuit. *See, e.g., Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2nd Cir. 1999); *Busch v. City of New York*, No. 00 CV 5211, 2002 WL 31051589, at *3-4 (E.D.N.Y. Sept. 9, 2002); *Masi v. City of New York*, No. 98 Civ. 6802, 1999 WL 688453, at *1-2 (S.D.N.Y. Sept. 2, 1999). Accordingly, the parties' joint motion to bifurcate discovery related to the plaintiff's *Monell* claim is granted.

The plaintiff's motion is thus granted in part and denied in part. To the extent directed above, production of documents shall be made within 30 days.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      December 29, 2008